United States v. Salazar

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of September, two thousand twelve.

PRESENT: DENNIS JACOBS,
                          Chief Judge,
             GUIDO CALABRESI,
             SUSAN L. CARNEY,
                          Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                             11-2220

DOMINGO SALAZAR,
          Defendant-Appellant,

NORMA MENDEZ,
          Defendant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Lawrence Gerzog, New York, N.Y.

**FOR APPELLEE:**                    Michael H. Warren (Susan
                                    Corkery, <u>on the brief</u>),
                                    Assistant United States
                                    Attorneys, <u>for</u> Loretta E. Lynch,
                                    United States Attorney for the
                                    Eastern District of New York,
                                    Brooklyn, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Domingo Salazar appeals from a judgment of conviction, following a guilty plea to one count of sex trafficking, one count of illegal reentry following deportation, and five other counts also related to his conspiracy with his wife to smuggle a minor into the United States for the purpose of forcing her to engage in prostitution.

The government offered Salazar an agreement pursuant to which he could have pleaded guilty to sex trafficking and illegal reentry. Although Salazar himself would have gained little by accepting, the government was also offering that if Salazar pleaded guilty by July 1, 2010, his wife could plead guilty to sex trafficking conspiracy and avoid the fifteen-year mandatory minimum attached to the substantive sex trafficking charge. Considerable discussion over the factual bases of some of the allegations, and over Salazar's claim that he had not had a chance to "study" the plea agreement, followed. During all of this time, however, Salazar never wavered from his desire to plead guilty. In due course, he did plead guilty, but without the benefit of a formal agreement.

Before us, Salazar asks that his plea be declared involuntary for several reasons. He cites his limited English-language ability and lack of education. However, Salazar had the benefit of an interpreter; he told the court that he understood the proceedings; and his lawyer expressed "no reason to doubt [Salazar's] competence." Salazar also emphasizes that he was under "enormous pressure" because the government's offer to his wife was conditioned on his guilty plea. We have held, however, that this kind of pressure does

not necessarily render a guilty plea invalid. "The inclusion of a third-party benefit in a plea bargain is simply one factor for a district court to weigh in making the overall determination whether the plea is voluntarily entered." *United States v. Marquez*, 909 F.2d 738, 742 (2d Cir. 1990); *see also id.* ("Since a defendant's plea is not rendered involuntary because he enters it to save himself many years in prison, it is difficult to see why the law should not permit the defendant to negotiate a plea that confers a similar benefit on others."). And finally, Salazar argues that the court participated in plea discussions in violation of Federal Rule of Criminal Procedure 11(c)(1).

Because Salazar failed to raise these claims before the district court, he must show plain error. *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). To satisfy that standard, Salazar must demonstrate "that (1) there was error, (2) the error was plain, and (3) the error prejudicially affected his substantial rights." *Id.* (internal quotation marks omitted). Salazar "has the further burden to persuade the court that the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

We have examined the record with care and conclude that Salazar cannot meet these stringent requirements. Finding no merit in Salazar's remaining arguments, as well, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK